UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:23-cv-196

Lynn Vitello,

    Plaintiff,

v.

Simeon Ramsden,
Kipling Ventures Holding Co LLC,
Kipling Ventures, LLC,
Kipling Reserve LLC,
Reserve Ownership Group LLC,
Keowee River Club, LLC,
KRC Golf Group, LLC,

    Defendants.

**NOTICE OF REMOVAL**

COME NOW Defendants Reserve Ownership Group LLC, Keowee River Club, LLC, and KRC Golf Group, LLC (hereinafter the " Keowee Defendants") and, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this action from the General Court of Justice for Wake County, North Carolina, Superior Court Division to the United States District Court for the Eastern District of North Carolina. As grounds for removal, the Keowee Defendants show the following:

    1.    Plaintiff commenced this action against the Keowee Defendants as well as Simeon Ramsden, Kipling Venture Holding Co LLC, Kipling Ventures, LLC, and Kipling Reserve LLC (hereinafter the "Defendants") by filing the complaint (the "Complaint") in the Superior Court of Wake County on January 19, 2023, where it is pending as Case No. 23-CVS-00693 (the "State Court Action"). (*See* Exhibit A – Copies of Documents and Pleadings on File with the Superior Court of Wake County and Served Upon Keowee Defendants.).

2. The State Court Action concerns an allegation Plaintiffs did not receive promised wages in breach of the terms of alleged employment contracts and in violation of the North Carolina Wage and Hour Act (NCWHA). *Compl.* ¶62-70. Specifically, Plaintiff alleges that she is owed $313,500 in back wages. *Id.*, ¶64. Plaintiff also seeks compensatory damages, liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22, attorneys' fees in pursuant to N.C. Gen. State. 95-25.22, and any "such other and further relief as the Court deems just and proper." *Id.* ¶70.

3. Plaintiff purported to serve the Keowee Defendants with the Summons and Complaint in Exhibit A on March 15, 2023. The Keowee Defendants' Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as the Keowee Defendants are filing it within 30 days of "receipt by Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

4. On information and belief, Defendant Simeon Ramsden, has not been served with the Summons and Complaint.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a). The events asserted by Plaintiff regarding her employment and giving rise to her claims allegedly occurred in Wake County, North Carolina, and Plaintiff allegedly admits that she resides in Wake County. *Compl.* ¶ 1-2, 17-18, 32, 41. Plaintiff filed her Complaint in the Superior Court of Wake County. Accordingly, venue properly lies in the United States District Court for the Eastern District of North Carolina's Western Division as the District and Division encompassing Wake County.

6. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on the Keowee Defendants are attached hereto as Exhibit A.

7. In accordance with 28 U.S.C. § 1446(d), the Keowee Defendants will promptly give written notice of the filing of this Notice of Removal to Plaintiff, the only adverse party, and

will also file a Notice of Filing of this Notice of Removal with the Superior Court of Wake County, a copy of which is attached hereto as Exhibit B.

8. Plaintiff's allegations are denied, and it is further denied that the Keowee Defendants are properly named as a party, with the exception of those facts necessary for removal of this action on diversity of citizenship grounds, as discussed herein.

**BASIS FOR REMOVAL**

**I. Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b)**

9. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

    **a. There is Complete Diversity of Citizenship Among the Parties**

10. Plaintiff is a citizen of the State of North Carolina. *Compl.* ¶17-18. "For purposes of establishing diversity jurisdiction, a natural person's citizenship is determined by domicile." *Hanks v. Coan*, No. 1:99CV00119, 1999 WL 1938851, at *1 (M.D.N.C. Aug. 17, 1999). A person's "domicile is an individual's place of residence." *Hollowell v. Hux*, 229 F.Supp. 50, 52 (E.D.N.C.1964). Here, the Complaint admits that the Plaintiff is a resident of "Wake County, North Carolina." *Compl.* ¶ 1-2.

11. Because the Keowee Defendants operate as a limited liability company, their citizenship, for the purposes of diversity jurisdiction, "is determined by the citizenship of all of its members." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The Complaint does not plead the place(s) of citizenship of the members of the

Keowee Defendants. As such, the Keowee Defendants provide this Court with the Keowee Defendants' Corporate Structure Statement, attached hereto as Exhibit C.

12. Within the Complaint, Plaintiff alleges that "upon information and belief" at least one member of the Keowee Defendants is a resident of North Carolina. This is denied.

13. Defendant Keowee River Club, LLC is a corporation incorporated in the State of South Carolina with its principal place of business in Sunset, South Carolina. Keowee River Club, LLC has one member, Reserve Ownership Group, LLC.

14. Defendant KRC Golf Group, LLC is a corporation incorporated in the State of South Carolina with its principal place of business in Sunset, South Carolina. KRC Golf Group, LLC has one member, Reserve Ownership Group, LLC.

15. Defendant Reserve Ownership Group, LLC is a corporation incorporated in the State of Delaware with its principal place of business in Athens, Georgia. Reserve Ownership Group, LLC has one member, Reserve Ventures, LLC. Reserve Ventures, LLC, is incorporated in the State of Georgia with its principal place of business in Athens, Georgia. Reserve Ventures, LLC is owned by a trust. James Whitley, a resident of the state of Georgia, is the beneficiary of the trust and the managing trustee.

16. The Keowee Defendants, therefore, are citizens of Delaware, South Carolina, and Georgia for federal diversity purposes. None of the Keowee Defendants are citizens of North Carolina.

17. Regarding the other defendants named in this matter, Plaintiff admits that Defendant Simeon Ramsden is not a resident of North Carolina, but, instead, assert Defendant Ramsden is a resident of Florida. *Compl.* ¶ 3.

18. Plaintiff further asserts that "Defendant Kipling Ventures Holding Co., LLC, is a Delaware limited liability company organized and existing under and by virtue of the laws of Delaware with a principal place of business in Pickens County, South Carolina." *Compl.* ¶ 5. As such, Defendant Kipling Ventures Holding Co., LLC, therefore, is a citizen of Delaware, South Carolina, and Florida for federal diversity purposes.

19. Similarly, Plaintiff asserts that "Defendant Kipling Reserve LLC is a Delaware limited liability company organized and existing under and by virtue of the laws of the State of Delaware with a principal place of business in Sunset, Pickens County, South Carolina." *Id.* ¶ 9. As such, Defendant Kipling Reserve LLC, therefore, is a citizen of Delaware, South Carolina, and Florida for federal diversity purposes.

20. As such, there is complete diversity between the Plaintiff and aforementioned Defendants in this case.

    **b.** **Kipling Ventures, LLC was Fraudulently Joined for the Sole Purpose of Defeating Diversity**

21. Defendant Kipling Ventures, LLC is a North Carolina LLC. *Id.* ¶ 7. However, it is clear that Plaintiff has named Defendant Kipling Ventures, LLC as a party in this case solely for the purpose of preventing removal. Plaintiff alleges that Kipling Ventures Holding Co, LLC, Kipling Ventures, LLC, and Kipling Reserve LLC each have a primary purpose of "management and development of The Reserve at Lake Keowee," which Plaintiff admits is "a private waterfront golf and boating community along Law Keowee in Sunset, Pickens County South Carolina." At the outset of the Complaint, without any explanation, Plaintiff summarily lumps all entities with the "Kipling" in their name together, without any explanation. *Id.* ¶ 21. As aforementioned, Plaintiff alleges all other Kipling defendants are entities organized under the laws of Delaware with a principle place of business in South Carolina. *Id.* ¶¶ 5, 9, 11. However, Plaintiff offers zero

explanation for why a North Carolina entity with an alleged "principle place of business in Wake County, North Carolina" would have the primary purpose of managing a South Carolina based golf and boating community. *Compl.* ¶ 7. Clearly, Plaintiff joined Kipling Ventures, LLC in an attempt to defeat diversity jurisdiction. When a plaintiff has improperly or fraudulently joined a non-diverse defendant, a district court may retain jurisdiction and disregard the non-diverse party. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

22. To show fraudulent joinder, the removing party must demonstrate either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993) (internal quotation marks omitted).

23. Here, there is no possibility that the Plaintiff would be able to establish a cause of action against Kipling Ventures, LLC in state court. Plaintiff's sole claim against all Defendants is that they failed to pay her all wages owed in violation of the NCWHA. Liability for alleged violations of the NCWHA is conditioned on the "employer-employee relationship," and the employee bears the burden of alleging existence of such relationship. *See Pontones v. San Jose Rest. Inc.*, No. 5:18-CV-219-D, 2020 WL 6438395, at *10, *12 (E.D.N.C. Nov. 2, 2020). Therefore, if Kipling Ventures, LLC was not Plaintiff's employer, then her claim fails. Plaintiff conclusory alleges, without any supporting facts, that every defendant "was, at all relevant times, an 'employer' of Plaintiff as defined by N.C.G.S 95-25.c(5). *Compl.* ¶¶ 4, 6, 8, 10, 12, 14, and 16. *See Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006). Essentially, Plaintiff alleges all seven defendants jointly employed her. However, this is not the end of the inquiry. "Joint employment exists when 'the facts establish ... that employment by one employer is not

6

Case 5:23-cv-00196-FL    Document 1    Filed 04/14/23    Page 6 of 10

completely disassociated from employment by the other employer[ ].'" Relevant factors to consider when determining if the facts support joint employment include the allocation of power to control the worker, to hire or fire the worker, and to modify the terms of the conditions of employment; the "permanency and duration of the relationship between the putative joint employers;" the control one putative joint employer has over the other; where the work is performed; and the allocation of responsibility over payroll, insurance, taxes, and providing the facilities and tools necessary to complete the work." *Webb v. Daymark Recovery Servs., Inc.*, No. 1:21CV424, 2022 WL 17820279, at *14 (M.D.N.C. Dec. 20, 2022). Importantly, here, Plaintiff does not allege any relevant factor that supports the conclusion that Kipling Ventures, LLC possessed the necessary control over Plaintiff's employment. As a result, there is no possibility Plaintiff would be able to establish a cause of action against Kipling Ventures, LLC.

24. Accordingly, this action is properly removable to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

    **c.**    **The Amount in Controversy Requirement is Satisfied**

25. Courts determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). In fact, Plaintiff alleges her unpaid wages total $313,500. Plaintiff also seeks compensatory damages and interests.

26. Given the aforementioned, it is readily apparent that, the amount in controversy for this case, based on Plaintiff's allegations as pled in the Complaint, well exceeds $75.000, exclusive of interest and costs.

## II.  Keowee Defendants Have Satisfied the Procedural Requirements for Removal

27. Plaintiff filed the Complaint in the Wake County Superior Court of the State of North Carolina on January 19, 2023. Plaintiffs purported to serve the Keowee Defendants with the Summons and Complaint on March 15, 2023. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

28. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Eastern District of North Carolina embraces Wake County, North Carolina.

29. Additionally, Plaintiff and the Keowee Defendants are subject to personal jurisdiction in North Carolina. As set forth above, Plaintiff is a citizen of the State of North Carolina. Plaintiff's Complaint alleges the Keowee Defendants conduct business in the State of North Carolina.

WHEREFORE, on the basis of the foregoing, the Keowee Defendants respectfully submit that the removal of this action from the Superior Court of Wake County to this Court is proper, and the Keowee Defendants accordingly remove the civil action to this Court.

This the 14th day of April, 2023.

                */s/ Evan R. Dancy*
                Benjamin P. Fryer, NC Bar No. 39254
                bfryer@fordharrison.com
                Evan R. Dancy, NC Bar No. 54801
                edancy@fordharrison.com
                FORDHARRISON LLP
                6000 Fairview Road, Suite 1415
                Charlotte, NC 28210
                Telephone: 980-282-1900
                Facsimile: 980-282-1949

                *Attorneys for Reserve Ownership Group LLC,*
                *Keowee River Club, LLC and KRC Golf Group, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing has been served upon all parties of record (1) by electronic mail and (2) by placing a copy of same in the United States Mail, with the correct amount of postage affixed thereon and properly addressed to:

Edward H. Maginnis
Karl S. Gwaltney
Maginnis Howard
7706 Six Forks Road, Suite 101
Raleigh, NC 27615
*Attorneys for Plaintiff*

Simeon Ramsden
111 Brickwell Ave., Floor 10
Miami, FL 33131

Kipling Ventures Holding Co LLC
c/o Incorporating Services, LTD, Reg. Agent
3500 S Dupont Hwy
Dover, DE 19901

Kipling Ventures Holding Co LLC
c/o Manager Simeon Pierson Ramsden
111 Brickwell Ave., Floor 10
Miami, FL 33131

Kipling Ventures, LLC
c/o Don Hunt, Reg. Agent
570 New Waverly Place, Suite 240
Cary, NC 27518

Kipling Reserve LLC
c/o Agents and Corporations, Inc., Reg. Agent
1201 Orange St., Suite 600
One Commerce Center
Wilmington, DE 19801

This the 14th day of April, 2023.

*/s/ Evan R. Dancy*
Evan R. Dancy